[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This matter is before the court on the judgment of conviction in the Lucas County Court of Common Pleas in which, following a jury trial, appellant, Andre Rice, Sr., was found guilty of drug abuse, in violation of R.C. 2925.11(A)(C)(4)(c), a felony of the third degree. For the reasons discussed below, this court affirms the judgment of the trial court.
On July 11, 1996, as a result of incidents occurring on July 2, 1996, appellant was indicted in count one of receiving stolen property, motor vehicle, in violation of R.C. 2913.51, and in count two of possession of cocaine in unit dose form, in violation of R.C. 2925.11(A)(C)(4)(c). Trial by jury commenced on February 10, 1997. At the conclusion of the state's case, appellant moved for directed verdicts, pursuant to Crim.R. 29. The trial court granted appellant's motion as to count one, receiving stolen property, motor vehicle. On February 11, 1997, the jury returned a verdict of guilty as to the drug charge. On March 28, 1997, appellant was sentenced for a period of one year. It is from this conviction that appellant raises the following sole assignment of error:
 "THE DEFENDANT/APPELLANT HEREIN WAS DENIED DUE PROCESS OF THE LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO, BY THE PROSECUTOR'S MISCONDUCT IN CROSS-EXAMINING THE APPELLANT AND DURING CLOSING ARGUMENT."
At trial, the state presented the following relevant testimony. Officer William Consolo testified that he was conducting surveillance in an unmarked vehicle on a suspected drug house. Consolo testified that a vehicle with Florida plates pulled up to the house on July 2, 1996 at approximately 1:30 a.m. Consolo testified that the vehicle's license plate and description matched that of a vehicle that had been reported stolen earlier that day. He testified that the driver of the vehicle, its only occupant, went into the house for several minutes, then returned to the vehicle. Consolo testified that he told other crews on the radio the direction the vehicle was heading.
Officer Jeffrey Middleton of the Toledo Police Department next testified for the state that he was at Frederick and Franklin, at the request of Sergeant Lazette, to look out for appellant's vehicle, a maroon Monte Carlo. Middleton testified that the vehicle turned northbound on Franklin at the intersection of Machen and Franklin. He further testified that, after the Monte Carlo turned onto Franklin, Middleton hit the sirens and lights and the Monte Carlo sped up. Middleton then testified that from immediately behind appellant, he observed appellant throw two plastic bags out through the T-top of the Monte Carlo. Middleton testified that the lighting was sufficient to make this observation because of the police vehicle's headlights and the lights on unit 855, which was also following the Monte Carlo. Thereafter, appellant's vehicle stopped and Middleton's unit pulled up along the passenger side of the vehicle, the other unit pulled up to the left side. Appellant was brought out the driver's side of the vehicle.
Officer Lee Kikolski testified that he was on Franklin, no more than thirty feet from appellant's vehicle, when the "driver threw a couple of small baggies out of the passenger side of the car." Kikolski testified that the car slowed down next to the curb within five seconds of turning onto Franklin and that appellant's hand went above the roof line when he threw the baggies. Kikolski testified that he and his partner "ran to the location where the vehicle had pulled to the curb and searched the area for baggies." Within two feet of the curb, Kikolski testified that they found two baggies with what appeared to be crack cocaine and marijuana. Kikolski testified that he stayed with the baggies until Officer Peter Sepeda picked up the property.
Officer Sepeda testified that he was behind appellant on Machen, heading towards Franklin when, at the stop sign, appellant came to a rolling stop and threw something out of the passenger window, which appeared to be a baggie.
Detective Brian Twining testified that he was responsible for processing the paperwork and taking control of the evidence. Twining also spoke with appellant regarding the vehicle, but stated that appellant made no statements about the drugs:
"Q. Did the defendant make any statements to you?
 "A. He did concerning the — the charge for the receiving stolen property, for the automobile.
"Q. Okay. Did he make any statements about the drugs?
 "A. He — he said he would talk to me concerning the automobile but had nothing to say concerning the drugs."
No objection was made regarding this testimony.
David Cogan, criminalist at the Toledo Police Crime Lab, testified that the substance contained cocaine.
At the conclusion of the state's case, due to lack of evidence, the trial court dismissed the receiving stolen property charge, count one.
Appellant testified on his own behalf, asserting that he had rented the car from the owner and had been unable to return it, and that, since he did not throw any baggies out of the car and because there was a lot of drug traffic in that neighborhood, the baggies must have been there already. During cross-examination, the state questioned appellant whether he talked with Twining about the drugs:
 "Q. Did you talk to officer — Detective Twining the morning that you were brought in?
"A. Yes.
"Q. What did you talk to him about?
"A. The vehicle.
"Q. Did you talk about the drugs?
"A. No."
No objection was raised as to this questioning either.
During closing arguments, the prosecutor summarized the testimony regarding appellant being in the vehicle which was reported stolen and then pulled over. The prosecutor also commented on the fact that appellant testified that he was probably looking at prison because of the amount of cocaine that was found. The prosecutor then stated that appellant had nothing to lose by testifying in his own behalf. Neither the comments regarding the stolen vehicle, or the prison time, were objected to by defense counsel. Counsel, however, did object to the prosecutor's commenting on the fact that appellant did not talk about the drugs with Detective Twining. This objection was overruled on the basis that the defendant testified to this fact.
Appellant argues that he was denied a fair trial due to prosecutorial misconduct. Specifically, appellant complains that the state improperly questioned Detective Brian Twining and appellant regarding whether appellant had made statements to the police regarding the drugs found at the scene when he was talking to them about the vehicle. Appellant also complains that there was prosecutorial misconduct by the state's repeated reference to the "stolen vehicle." Appellant further complains that he was denied a fair trial because of the prosecution's statements during closing arguments regarding appellant's "silence," the stolen car, and possible punishment.
Initially, we note that to the extent that a complained instance of prosecutorial misconduct was not objected to, we are limited to a plain error review, pursuant to Crim.R. 52(B). In order for an unobjected-to comment during closing argument to rise to the level of plain error under Crim.R. 52(B), it must appear on the face of the record not only that error was committed but that, except for the error, the result of the trial clearly would have been otherwise. State v. Underwood (1983), 3 Ohio St.3d 12, syllabus, citing State v. Long (1978), 53 Ohio St.2d 91, paragraph two of the syllabus. The Ohio Supreme Court has made it clear that the plain error rule should be applied with utmost caution and should be invoked only to avoid a clear miscarriage of justice. State v. Landrum (1990), 53 Ohio St.3d 107, 111; Long at paragraph three of the syllabus.
There are four elements to be considered in determining whether the prosecutor's statements amount to misconduct: (1) the nature of the remarks; (2) whether an objection was made by counsel; (3) whether corrective instructions were given by the court; and (4) the strength of the evidence against the defendant.State v. Braxton (1995), 102 Ohio App.3d 28, 41; State v. Mann
(1993), 93 Ohio App.3d 301, 312. The test for prosecutorial misconduct is whether the remarks were improper, and, if so, whether they prejudicially affected the substantial rights of the accused. State v. Eley (1996), 77 Ohio St.3d 174, 187; State v.Smith (1984), 14 Ohio St.3d 13, 14-15. Misconduct of a prosecutor at trial will not be considered grounds for reversal unless the conduct deprives the defendant of a fair trial. State v.Apanovitch (1987), 33 Ohio St.3d 19, 24; State v. Maurer (1984),15 Ohio St.3d 239, 266.
We do not find that, but for the inclusion of Twining's testimony regarding appellant's silence, the outcome of the trial would have been different. See Underwood, supra. There was ample credible evidence upon which the jury could rely to find that appellant had possessed the drugs found in the baggies along the road. Several officers testified to seeing appellant throw the baggies from the car and Kikolski testified to securing the baggies at the location he saw them thrown.
With respect to the prosecutor's cross-examination of appellant, we find that the questioning did not violate appellant's constitutional rights. There was no discussion as to whether appellant had received Miranda warnings prior to talking with Detective Twining. As held in Fletcher v. Weir (1982),455 U.S. 603, 607, in the absence of the sort of affirmative assurances embodied in the Miranda warnings, e.g., your silence cannot be used against you, "we do not believe that it violates due process of law for a State to permit cross-examination as to post-arrest silence when a defendant chooses to take the stand."
Appellant suggested during his direct testimony that the baggies were on the street because of the heavy drug traffic in the neighborhood. As this was part of his defense, we find that it was not improper for the prosecutor to ask appellant about his post-arrest statements. See Fletcher, supra.
With respect to the statements regarding the Monte Carlo being stolen, we find that the remarks were made in conjunction with explaining the police's interest in stopping the vehicle. Although the receiving stolen property charge was dismissed, there was repeated testimony that the car was pulled over because it had been reported as stolen. We find that there was no prosecutorial misconduct in making these statements.
With respect to the prosecutor's remarks made during closing statements, we note that both parties are permitted wide latitude during closing argument. State v. Brown (1988), 38 Ohio St.3d 305,317. In this case, we find that a review of the prosecutor's closing argument in its totality discloses no prejudice to appellant. See State v. Loza (1994), 71 Ohio St.3d 61,79, citing State v. Moritz (1989), 63 Ohio St.2d 150, 157, (closing argument must be reviewed in its entirety to determine whether prosecutor's remarks were prejudicial). Moreover, the jury was repeatedly instructed that closing arguments were not evidence. It is presumed that the jury will follow the instructions given to it by the judge. Loza, supra at 79, citingState v. Henderson (1988), 39 Ohio St.3d 24, 33.
After having thoroughly reviewed the record, we find no comments by the prosecutor that would warrant a reversal of appellant's conviction. The record indicates that appellant received a fair trial, that the closing arguments were generally within the bounds of propriety, and that any error committed by the prosecutor was clearly nonprejudicial. See Eley,77 Ohio St. 3d at 188. Accordingly, appellant's sole assignment of error is found not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.